# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>         v.<br><br>THOMAS ALAN HENRY,<br><br>                    Defendant. | Case No. 11CR7032-H<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br>(Doc. No. 25.) |

Pending before the Court is Defendant Thomas Alan Henry's ("Defendant,") motion for early termination of supervised release under Title 18 U.S.C. § 3583(e)(1), filed on May 9, 2019. (Doc. No. 25.) On June 5, 2020, the Government filed a response in opposition to the Defendant's motion. (Doc. No. 27.) The Defendant filed his reply on June 19, 2020. (Doc. No. 29.) For the reasons set forth below, the Court grants the Defendant's motion.

## Background

On November 7, 2005, the Defendant pleaded guilty to a single count indictment charging him with traveling in interstate commerce with the intent to engage in sexual conduct with a minor in violation of Title U.S.C. § 2423(b) in the Western District of Arkansas. (Doc. No. 2 at 4.) The offense involved the Defendant corresponding with an

-1-

individual who he believed was a minor but turned out to be an adult female pretending to be a minor and assisting law enforcement. (Doc. No. 27 at 2.) On May 25, 2006, the Honorable Jimm Larry Hendren sentenced the Defendant to a custodial term of 57 months, the low end of the advisory guidelines, followed by a life term of supervised release. (Id.) The Defendant appealed his sentence and the United States Court of Appeals for the Eighth Circuit affirmed the district court's judgment. United States v. Henry, 223 F. App'x 523, 525 (8th Cir. 2007). The Defendant's term of supervised release commenced on August 12, 2010. (Doc. No. 14 at 1.)

On July 14, 2011, pursuant to Title 18 U.S.C. § 3605[1], the Western District of Arkansas transferred jurisdiction of the supervised releasee to the Southern District of California. (Doc. No. 1.) The Defendant agreed to add several sex offender related conditions to his supervised release term to conform with the standard sex offender conditions utilized in the Southern District of California. (Doc. No. 2 at 15.) The Defendant did not invoke his right to challenge the added conditions and waived his right to a hearing with the assistance of counsel. (Doc. No. 15 at 13-14.) On March 21, 2019, the Defendant filed a motion for early termination of supervised release.[2] (Doc. No 15.) The Government opposed the Defendant's motion. (Doc. No. 17.) On April 17, 2019, the Court held a hearing to address the Defendant's motion. (Doc. No. 22.) The Court denied the Defendant's motion without prejudice in part because the Defendant was convicted in state court of driving under the influence ("DUI.") (See. Doc. No. 14).

---

[1] Title 18 U.S.C. § 3605 provides:
   A court, after imposing a sentence, may transfer jurisdiction over a probationer or person on supervised release to the district court for any other district to which the person is required to proceed as a condition of his probation or release, or is permitted to proceed, with the concurrence of such court. A later transfer of jurisdiction may be made in the same manner. A court to which jurisdiction is transferred under this section is authorized to exercise all powers over the probationer or releasee that are permitted by this subchapter or subchapter B or D of chapter 227.

[2] The Defendant previously filed a motion for early termination of supervised release on September 2, 2015. (Doc. No. 4). The Defendant subsequently withdrew that motion. (Doc. No. 13.)

However, the Court permitted the Defendant to refile his motion after one year. (Doc. No. 22.)

On May 29, 2020, the Defendant refiled his motion for early termination of supervised release. (Doc. No. 25.) At the age of 72 years old, the Defendant seeks to terminate his lifetime supervised release term so that he may travel outside of San Diego County "unencumbered by supervised release restrictions." (Id.) The Defendant points out that prior to this underlying offense he served his country in the United States Navy. (Id.) He also argues that he ultimately did not commit the offense with a minor (as the offense involved a female adult who was pretending to be a minor and assisting law enforcement) and points out that he accepted responsibility for the offense. (Id.) Finally, the Defendant notes that, despite his DUI offense, he has been otherwise compliant with the terms and conditions of his supervised release. (Id.) The Court ordered the Government to file a response. (Doc. No. 26.) The Government filed its response in opposition on June 5, 2020. (Doc. No. 27.) The Government argues primarily that the underlying offense is a basis to keep the Defendant on supervised release for life and that there is nothing in the Defendant's conditions of supervised release that would prohibit travel or interfere with family visits. (Id.) The Court ordered the Defendant to file a reply. (Doc. No. 28.) On June 19, 2020, the Defendant filed his reply. (Doc. No. 29.) In his reply, the Defendant points to a specific instance where his travel request would not be approved and that, despite the underlying offense, he has been rehabilitated. (Id.) Since the last hearing on April 17, 2019, there have been no reports of noncompliance from the probation officer.

## Discussion

Under Title 18 U.S.C. § 3583(e)(1), a district court is authorized to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release… if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" When reviewing a motion for early termination of supervised release, a district court must

apply the standards set forth in Title 18 U.S.C. § 3583(e). United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014) ("The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)."). In turn, § 3583(e) requires a district court to consider and weigh certain factors set forth in Title 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), in deciding whether to grant or deny a motion to terminate supervised release. Those relevant § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) to afford adequate deterrence to criminal conduct; (3) to protect the public from further crimes of the defendant; (4) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the sentence and sentencing range established for the category of the defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. Moreover, "the language of § 3583(e) gives district courts broad discretion in determining whether to grant a motion to terminate supervised release." Emmett at 819.

The burden rests with the Defendant to convince the Court that early termination of his supervised release is warranted. Emmett at 824 ("It is defendant's burden to establish that he is entitled to the rarely-granted remedy of early termination of supervised release."); See also United States v. Weber, 451 F.3d 552, 559 n.9 (9th Cir. 2006) ("[A] district court can terminate supervised release early and discharge the defendant, provided he has served at least one year of his supervised release term. See § 3583(e)(1). In that situation, courts have required the defendant, as the party receiving the benefit of early termination, to demonstrate that such a course of action is justified.") (citations omitted).

The nature and circumstances of the offense in this case is the obvious aggravating factor weighing against early termination of supervised release.

Additionally, the Defendant does not have an unblemished supervision record as he sustained a DUI conviction during his term of supervised release. However, the Defendant is a 72 year-old individual who has completed almost 10 years of his supervised release term. Though he was convicted of a misdemeanor DUI during his supervised release term, the Defendant has not committed any offenses similar to the underlying offense in this case. Furthermore, the Defendant has completed the state court requirements for his DUI conviction (Doc. No. 15-2) and has also completed his required sex offender therapy (Doc. No. 25 at 4.) Other than the convictions for the underlying offense and the DUI offense, the Defendant has no prior criminal history. Additionally, the Defendant has prior military service with the United States Navy and received an honorable discharge. (Doc. No. 25 at 1.) As of the date of the order, the Court has not received any reports of noncompliance from the probation officer since 2016. (See Doc. No. 14.) Given that there are no victims in this case, no restitution was imposed by the sentencing judge.

The Defendant cites to the restrictions on his travel as a motivating factor in seeking early termination of supervised release. (Doc. No. 29 at 2.) Specifically, the Defendant points to a specific instance where he requested to "sail to Catalina Island to meet friends" and that "[n]o approval was forthcoming." (Id.) The Ninth Circuit has held that "[u]nder the broad legal standard for granting early termination, it was not an abuse of discretion to consider as one factor among others whether continued supervised release posed an undue hardship." Emmett at 820. The Defendant has cited to a specific instance of hardship caused by the travel restrictions and the Court takes that into consideration in determining whether early termination of supervised release is warranted. Cf. United States v. Smith, No. 2:09-CR-00218-KJD, 2015 WL 3797435, at *1 (D. Nev. June 17, 2015) (Dawson, J.) ("[T]he instant motion does not contend that Defendant ever took (or even attempted to take) a trip outside this jurisdiction; instead, it is filled with vague assertions that Defendant's hardships are difficult.[] These assertions fail to satisfy Defendant's burden.").

The Government argues that the Court should deny the Defendant's motion because the sentencing judge in the Western District of Arkansas imposed a lifetime term of supervised release. However, the fact that a lifetime of supervised release was imposed at the time of sentencing does not necessarily disqualify a defendant from early termination of supervised release. See United States v. Mullen, 329 F. App'x 61, 64 (9th Cir. 2009) (unpublished) (Noting that § 3583(e)(1) gives a defendant who received a life term of supervised release at the time of sentencing "the opportunity to petition the district court to terminate his term of supervised release and discharge him from further obligations after one year of supervised release."). Rather, the Court must weigh the appropriate factors set forth under § 3553(a) and must be satisfied that early termination is warranted in the interest of justice under § 3583(e)(1). Furthermore, the sentencing judge did not have, for obvious reasons, the benefit of weighing the defendant's conduct on supervised release at the time of the sentencing hearing. Such consideration would take place in the context of a motion under § 3583(e)(1) as a district court must take into consideration a defendant's performance on supervised release. See United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997) (Concluding that early termination of supervised release is reserved for rare cases of a defendant's "exceptionally good behavior" while on supervision.).

While the Government argues that it would not be unreasonable for the Defendant to spend the rest of his life on supervised release, the Court notes that it is also not unreasonable for a district court to impose a limited term of supervised release for a defendant convicted under Title 18 U.S.C. § 2423(b). See e.g. United States v. Mayer, 490 F.3d 1129, 1134 (9th Cir. 2007), opinion amended and superseded on denial of reh'g, 503 F.3d 740 (9th Cir. 2007) (Noting the district court's sentence of "37 months in prison and 12 years of supervised release" after the defendant pleaded guilty to a charge under § 2423(b)); United States v. Buttrick, 432 F.3d 373, 374 (1st Cir. 2005) (Noting the district court's sentence of "eighteen months in prison, followed by a five-year period of supervised release" for a defendant who was found "guilty of traveling

in interstate commerce with the purpose of engaging in illicit sexual conduct with another person between twelve and sixteen years of age, in violation of 18 U.S.C. § 2423(b)."); United States v. Bredimus, 352 F.3d 200, 203 (5th Cir. 2003) (Noting the district court's sentence of "66 months in the Bureau of Prisons, a fine of $30,000.00, and conditioned supervised release for three years" for a defendant who pleaded guilty to a charge under § 2423(b)); United States v. Kelly, 510 F.3d 433, 436 (4th Cir. 2007) (Noting the district court's sentence of "63 months incarceration, to be followed by 10 years of supervised release" after the defendant was convicted by a jury for an offense under § 2423(b)). Thus, limiting the Defendant's term of supervised release in this case would satisfy the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

The Court is cognizant, and other courts have held, that "compliance with release conditions, resumption of employment and engagement of family life [ ] are expected milestones rather than a change of circumstances rendering continued supervision no longer appropriate." United States v. Bauer, No. 5:09-CR-00980 EJD, 2012 WL 1259251, at *2 (N.D. Cal. Apr. 13, 2012) (Davila, J.) Nevertheless, in addition to the relevant § 3553(a) factors, the Court, in granting a motion for early termination of supervised release, must be "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice" under § 3583(e)(1). The record before the Court demonstrates that the Defendant no longer requires treatment as contemplated in § 3553(a) and that he has been deterred from committing conduct similar to the underlying offense. Accordingly, the Court is convinced that the Defendant no longer poses a risk of recidivism and no longer poses a risk to society. The Court, after weighing the appropriate § 3553(a) factors, is satisfied that the ends of justice are served by granting the Defendant's motion for early termination of supervised release. See United States v. Cunningham, No. 05CR2137-LAB, 2014 WL 3002207, at *2 (S.D. Cal. July 1, 2014) (Burns, J.) (Granting a defendant's opposed motion for early termination of supervised release and further noting that "[a]t some point, once justice

has been served, the system must take care to avoid erecting roadblocks that might prevent an offender from reintegrating into society and becoming a productive and useful citizen again."). Finally, the Court concludes that supervision of the Defendant is no longer necessary and that "early termination would permit U.S. Probation to focus resources in other areas of need." United States v. Vidriezca-Guzman, No. 1:05-CR-00124-BLW, 2012 WL 3067470, at *1 (D. Idaho July 26, 2012) (Winmill, C.J.); See also United States. v. Hamlin, No. LA CR 10-00684-VBF, 2014 WL 11737321, at *5 (C.D. Cal. Sept. 18, 2014) (Fairbank, J.) (Concluding the same.).

### Conclusion

After applying the legal standards set forth in § 3583(e)(1) and considering the relevant factors set forth in § 3553(a), the Court GRANTS the Defendant's motion for early termination of supervised release.[3]

The Clerk is directed to send a copy of this order to the Defendant and to the United States Probation Office.

IT IS SO ORDERED.

DATED: June 23, 2020

HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE

---

[3] The Defendant is still subject to the requirements of the Sex Offender Registration and Notification Act ("SORNA,") Title 34 U.S.C. § 20901, et seq. The Defendant is on notice that failure to register as a sex offender and to keep such registration current in compliance with SORNA and relevant state laws may result in new charges being filed against the Defendant.